**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-36056 |
| Plaintiff - Appellee, | D.C. Nos. 3:08-cv-00007-JWS |
| | 3:06-cr-00040-JWS |
| v. | |
| BROCK PURVIANCE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 27, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Brock Purviance appeals the district court's denial of his motion to vacate

his sentence under 28 U.S.C. § 2255.  As the facts are known to the parties, we

repeat them only as necessary to explain our decision.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The only certified issue in this appeal is Purviance's claim that he received ineffective assistance of counsel during criminal proceedings. We reject this claim. His argument that counsel failed properly to consult with him regarding an appeal fails because Purviance and his attorney discussed the possibility of an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In any event, there was no evidence in the record that Purviance actually instructed counsel to appeal. Likewise, his claim that he was prejudiced by his lawyer's failure to present the strongest available evidence to rebut an enhancement of his sentence under U.S.S.G. § 2A3.2(b)(2)(B) is flawed because Purviance's lawyer adequately researched the caselaw surrounding section 2A3.2(b)(2)(B) and reasonably declined to call witnesses who would offer unpredictable testimony of uncertain relevance and weight. Purviance cannot show that he was prejudiced when his lawyer did not seek to have him admitted to a drug-treatment program because it is speculative that he would have been selected. As for the FBI 302s, the reports of interviews with Purviance's victim and her friend taken almost two years after the crime would have been inadequate to rebut the presumption of undue influence in light of the strong, contemporaneous evidence that Purviance exerted such influence over his victim. Finally, Purviance's attorney did not err by failing to

challenge the conditions of Purviance's supervised release; instead, she made a reasonable tactical decision to trade harsher supervised-release conditions for a shorter prison sentence. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).

## II

Purviance also raises several uncertified issues in his opening brief. *See* 9th Cir. R. 22-1(e). We decline to expand the certificate of appealability to include these issues.

## III

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**